[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION RE APPLICATION TO CONFIRM ARBITRATION AWARD AND TO VACATE ARBITRATION AWARD
This is an application to vacate an arbitration award resulting from a claim for uninsured motorist benefits arising out of an accident which occurred on October 16, 1987. On that date the defendant was operating a motorcycle in a westerly direction on Route 72 in New Britain, Connecticut when he allegedly lost control of the motorcycle after skidding on a liquid substance in the roadway which was identified by the investigating police officer as anti-freeze.
The plaintiff contends that the award in favor of the defendant in the amount of $60,000.00 should be vacated pursuant to Conn. Gen. Stat. 52-418 (2)(4) on the grounds that the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made, in that the defendant failed to prove, by corroborating evidence, a substantial nexus between the substance identified as motor vehicle anti-freeze, and an uninsured motor vehicle to support an award of uninsured motorists benefits.
In opposition to this application the defendant has filed an application requesting the court to confirm the award.
It is the contention of the plaintiff that this court may undertake a de novo review of the arbitration award as the issue presented in the application to vacate is a coverage issue. Bodner v. United States Automobile Association,222 Conn. 480, 489 (1992).
On page one of the "Decision and Award" the arbitrator states as follows:
 "There is no dispute that the Claimant is a covered person. The issue is whether, under the facts, he is legally entitled to recover damages. That question can only be answered by the underlying facts. . ."
CT Page 10894
Under the limitations imposed by the Bodner case, the court is of the opinion that a de novo review would be improper.
The court finds that the award conforms to the submission and is hereby confirmed in the amount of $60,000.00.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT